IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Essex Insurance Company as subrogee of Hardison Transportation LLC<br><br>　　　　　　Plaintiff(s)<br><br>v.<br><br>American Highway, Inc.<br><br>　　　　　　Defendant(s) | No.<br>Judge:<br>Magistrate: | FILED: AUGUST 20, 2008<br>08CV4742<br>JUDGE GUZMAN<br>MAGISTRATE JUDGE COX<br><br>BR |

## COMPLAINT

NOW COMES Plaintiff, Essex Insurance Company as subrogee of Hardison Transportation LLC, by and through its counsel CLAUSEN MILLER, P.C., for its Complaint against Defendant American Highway, Inc. ("American Highway") for damages arising from the loss of goods during interstate commerce, states as follows:

### Jurisdictional Facts

1. At all times relevant, Plaintiff Essex Insurance Company ("Essex") is a Delaware corporation with its principal place of business in Glen Allen, Virginia, and was duly authorized to conduct business throughout the United States, except for Delaware.

2. At all times relevant, Hardison Transportation LLC ("Hardison") was a company located at 2358 Highway 11/55 South, Kinston, North Carolina.

3. At all times relevant, Hardison was a company involved as a broker for the interstate transport of goods and was registered as a business in the State of North Carolina and was incorporated in the State of North Carolina.

4. At all times relevant, American Highway was a corporation located at 869 North Central Avenue, in Wooddale, Illinois and was engaged in the business of

1195160.3

1

transporting commercial freight in interstate commerce. At all times relevant, American Highway was registered as a corporation in the State of Illinois and was incorporated in the State of Illinois.

5. Venue is proper in the Northern District of Illinois, pursuant to § 14706(d) of the Interstate Commerce Act, 49 U.S.C. § 14706(d) and § 1391(b) of the Judiciary and Judicial Procedure Act, 28 U.S.C. § 1391(b), in that the Defendant was the "delivering carrier" and the Northern District of Illinois is a "federal district through which the defendant carrier" operated and a substantial part of the events or omissions giving rise to the claim occurred in Elk Grove Village, Illinois.

## Factual Allegations

6. On August 22, 2006, NACCO Materials Handling Group, Inc. ("NACCO") was a company that manufactured fork lift trucks in Berea, Kentucky.

7. Prior to August 22, 2006, NACCO received an order for the purchase of three brand new fork lift trucks by Yale Chase Materials Handling ("Yale Chase") and one brand new fork lift truck by Johnson Lift.

8. To fulfill the order for these four brand new fork lift trucks, NACCO arranged for the shipment of these fork lifts to their customers in La Puenta, California.

9. Yale Chase was to receive the following fork lifts from NACCO: (1) Model GC030VX bearing a serial number of C809V02532D; (2) Model GC050VX bearing a serial number of A910V07371D; and (3) Model GC040SVX bearing a serial number of C809V02637D (the "Yale Chase Fork Lifts").

10. Johnson Lift was to receive the following fork lift from NACCO: (1) Model H90XMS bearing a serial number of L005V08906D (the "Johnson Lift Fork Lift").

11. To ship the Yale Chase Fork Lifts and the Johnson Lift Fork Lift to their respective customers, NACCO contracted with TNT Logistics ("TNT") for shipment.

2

1195160.3

12. TNT subsequently contracted with Hardison to handle the arrangement and hiring of an interstate carrier to handle the pickup of the Yale Chase Fork Lifts and the Johnson Lift Fork Lift and to transport the cargo to California.

13. Hardison contracted with American Highway to handle the pickup and delivery of the Yale Chase Fork Lifts and the Johnson Lift Fork Lift. See attached Ex. A.

14. On August 22, 2006, Tomas Zeman was a truck driver for American Highway.

15. On August 22, 2006, Mr. Zeman was an employee, agent, and/or representative of American Highway.

16. On August 22, 2006, Mr. Zeman picked up the Yale Chase Fork Lifts and the Johnson Lift Fork Lift from NACCO's Berea, Kentucky facility.

17. On August 22, 2006, Chris Isaacs and Mason Alexander, employees of NACCO, placed each of the brand new Yale Chase Fork Lifts and the Johnson Lift Fork Lift inside of American Highway truck Trailer number 53429.

18. When the Yale Chase Fork Lifts and the Johnson Lift Fork Lift were loaded on Trailer 53429, the fork lifts were brand new and in an undamaged condition for carriage in interstate transport.

19. In picking up the Yale Chase Fork Lifts and the Johnson Lift Fork Lift from NACCO, Mr. Zeman signed a bill of lading, bearing a Shippers number of 92386061 ("Bill of Lading") See attached Ex. B.

20. Mr. Zeman, in signing the Bill of Lading, acknowledged receipt of the Yale Chase Fork Lifts and the Johnson Lift Fork Lift from NACCO, for shipment to the consignees.

21. Mr. Zeman did not indicate on the Bill of Lading any damage or defects to the Yale Chase Fork Lifts or the Johnson Lift Fork Lift.

22. On August 22, 2006, Mr. Zeman, on behalf of American Highway, drove Trailer number 53429 from Berea, Kentucky to 2101 West Higgins Road, Elk Grove

1195160.3

Village, Illinois ("Elk Grove Village Terminal"). After arrival at the Elk Grove Village Terminal, Mr. Zeman parked Trailer number 53429.

23. On August 22, 2006, Wieslaw Kalatura was an employee, agent, and/or representative of American Highway.

24. On August 22, 2006, Mr. Kalatura arrived at the Elk Grove Village Terminal to pickup Trailer number 53429, so that the trailer could continue on its interstate journey to California for delivery of the Yale Chase Fork Lifts and the Johnson Lift Fork Lift.

25. After searching the Elk Grove Village Terminal, though, Mr. Kalatura could not identify the location of Trailer number 53429 and it was later discovered Trailer number 53429, and the Yale Chase Fork Lifts and the Johnson Lift Fork Lift, were stolen.

26. As a result of the theft of Trailer number 53429, the Yale Chase Fork Lifts and the Johnson Lift Fork Lift were never delivered by American Highway to either Yale Chase or Johnson Lift.

27. After the theft of Trailer number 53429, American Highway contacted Hardison to disclose the theft of the trailer and the loss of the Yale Chase Fork Lifts and the Johnson Lift Fork Lift.

28. Despite both oral and written requests for reimbursement of the cost of the Yale Chase Fork Lifts and the Johnson Lift Fork Lift within nine months of their loss, American Highway has refused to make payment for the loss of these goods that were in American Highway's possession.

29. As a result of the loss of the Yale Chase Fork Lifts and the Johnson Fork Lift, Hardison was obligated to reimburse the consignees $105,939.71.

30. On and prior to August 22, 2006, Hardison possessed an insurance policy through subrogee Essex for coverage of claims, including but not limited to direct damage

or loss of cargo. This coverage provided by Essex was under policy number IMR-3576-1.

31. Pursuant to the policy of insurance issued to Hardison, and under the terms therein, Essex made payments totaling $105,939.71 for the loss of the Yale Chase Fork Lifts and the Johnson Fork Lift. Under the terms of the insurance policy and by virtue of the insurance payment to Hardison, Essex is subrogated to the rights and claims of Hardison against American Highway and is the actual bona fide subrogee of this claim.

### Count I - Carmack Amendment Liability

32. Essex repeats and realleges paragraphs 1-31 above.

33. This is an action relating to the loss of property during shipment in interstate commerce and is subject to the liability provisions set forth in the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706.

34. At all times relevant, the Interstate Commerce Act provided in pertinent part:

> A common carrier providing [interstate] transportation or service. . . shall issue a receipt or bill of lading for property it receives for transportation . . . . That carrier and any other common carrier that delivers the property and is providing [interstate] transportation or service . . . are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (1) the receiving carrier, (2) the delivering carrier, or (3) another carrier. . .

35. 49 U.S.C. §14706 applied to the shipment of the Yale Chase Fork Lifts and the Johnson Fork Lift by American Highway.

36. The Yale Chase Fork Lifts and the Johnson Fork Lift cargo was lost by American Highway and not delivered.

WHEREFORE, Plaintiff Essex Insurance Company as subrogee of Hardison Transportation LLC prays for judgment in its favor and against Defendant American Highway,

1195160.3

5

Inc. for the full amount of its damages, together with costs, interest, and any other relief as may be properly awarded by this Court.

### Count II - Breach of Contract

37. Essex repeats and realleges paragraphs 1-31 above.

38. American Highway entered into a contract with Hardison to deliver the Yale Chase Fork Lifts and the Johnson Fork Lift from Berea, Kentucky to La Puente, California.

39. American Highway, though, failed to deliver the Yale Chase Fork Lifts and the Johnson Fork Lift to the respective consignees, Yale Chase Materials Handling and Johnson Lift, in La Puente, California.

40. American Highway breached its contract with Hardison by not delivering the Yale Chase Fork Lifts and the Johnson Fork Lift to the respective consignees, Yale Chase Materials Handling and Johnson Lift, in La Puente, California.

41. Hardison met its material conditions under the contract

42. As a direct and proximate result of American Highway's breach of its contract of delivery with Hardison, Hardison and its insurer, Essex, suffered damages of $105,939.71.

WHEREFORE, Plaintiff Essex Insurance Company as subrogee of Hardison Transportation LLC prays for judgment in its favor and against Defendant American Highway, Inc. for the full amount of its damages, together with costs, interest, and any other relief as may be properly awarded by this Court.

### Count III - Negligence

43. Essex repeats and realleges paragraphs 1-31 above.

44. At all times relevant, Ameican Highway owed Hardison a duty of care in the transportation of the Yale Chase Fork Lifts and the Johnson Fork Lift.

45. Despite that owed duty of care, American Highway breach its duty by:

6

1195160.3

   a. Carelessly and negligently failing to safeguard the Yale Chase Fork Lifts and the Johnson Fork Lift while in American Highway's possession;

   b. Carelessly and negligently failing to safeguard Trailer 53429, which contained the Yale Chase Fork Lifts and the Johnson Fork Lift, when temporarily parked in Elk Grove Village, Illinois;

   c. Carelessly and negligently failing to provide adequate security measures to ensure that Trailer 53429, which contained the Yale Chase Fork Lifts and the Johnson Fork Lift, when temporarily parked in Elk Grove Village, Illinois could not be stolen; and

   d. Was otherwise negligent.

46. As a result of one or more of the foregoing acts and omissions, the Yale Chase Fork Lifts and the Johnson Fork Lift, while in the sole care, custody, and control of American Highway, were lost.

47. As a direct and proximate result of American Highway's negligence, Hardison and its insurer, Essex, suffered damages of $105,939.71.

WHEREFORE, Plaintiff Essex Insurance Company as subrogee of Hardison Transportation LLC prays for judgment in its favor and against Defendant American Highway, Inc. for the full amount of its damages, together with costs, interest, and any other relief as may be properly awarded by this Court.

## Count IV - Res Ipsa Loquitur

48. Essex repeats and realleges paragraphs 1-31 above.

49. At all relevant times, American Highway, through its employees, agents, and/or representatives, had a duty to exercise due care and caution in the transportation, storage, and safety of the Trailer 53429 and it's the contents of the Yale Chase Fork Lifts and the Johnson Fork Lift so as to ensure that the contents of Trailer 53429, consisting of the Yale Chase Fork Lifts and the Johnson Fork Lift, were safely delivered to customers in California.

7

1195160.3

50. Notwithstanding the aforesaid duties and in breaches thereof, Trailer 53429, and the contents consisting of the Yale Chase Fork Lifts and the Johnson Fork Lift, were stolen and never delivered to the customers in California.

51. The damages and theft of the Yale Chase Fork Lifts and the Johnson Fork Lift suffered by Hardison were caused by an occurrence which does not happen in the absence of negligence.

52. Trailer 53429 was parked by an employee, agent and/or representative of American Highway at the Elk Grove Village Terminal, which is an area under the exclusive care, custody and control of American Highway and its employees, agents and/or representatives.

53. The theft of Trailer 53429 and the contents consisting of the Yale Chase Fork Lifts and the Johnson Fork Lift, were not due to any voluntary act or neglect on the part of Hardison.

54. As a direct and proximate result of the negligent acts and carelessness of American Highway and its employees, agents, and/or representatives while transporting Trailer 53429 and the contents consisting of the Yale Chase Fork Lifts and the Johnson Fork Lift, Hardison suffered the theft and loss of the contents consisting of the Yale Chase Fork Lifts and the Johnson Fork Lift.

WHEREFORE, Plaintiff Essex Insurance Company as subrogee of Hardison Transportation LLC prays for judgment in its favor and against Defendant American Highway, Inc. for the full amount of its damages, together with costs, interest, and any other relief as may be properly awarded by this Court.

Plaintiff Demands Trial By Jury.

Dated: August 20, 2008

Respectfully submitted,

*/s/ James M. Hoey*

JAMES M. HOEY
MICHAEL S. ERRERA
CLAUSEN MILLER P.C.
10 South LaSalle Street
Chicago, Illinois 60603-1098
312/855-1010
Attorney for Plaintiff, Hardison Transportation LLC

1195160.3

9

# HARDISON TRANSPORTATION  PO BOX 282   KINSTON, NC 28502
### 888-664-9473          252-527-5700        252-527-5798 FAX

ATTN:: ANDY                                    OUR LOAD#: 06082206
TRUCKLINE:: AMERICAN HIGHWAY                   P/UP#: _____

P/UP DATE: TUES 08/22                          DEL DATE: ASAP
TIME: 8AM-11PM                                 TIMES: ASAP

| | |
|---|---|
| SHIPPER NAME: NACCO<br>ADDRESS: 1102 MAYDE RD.<br>CITY/STATE: BEREA, KY<br>PHONE: 859-986-1553 | CONSIGNEE: _____<br>ST ADDRESS: _____<br>CITY/STATE: LA PUENTE, CA<br>PHONE #: _____ |

COMMENTS: THANK YOU !!!!!

STOP 1: LA PUENTE, CA
STOP 2:
STOP 3:
STOP 4:
STOP 5:

EQUIPMENT TYPE: 48/53 DRY VAN     WEIGHT: 40000  PRODUCT: FORKLIFTS
DRIVER TOUCH: NO                  HZ ?: NO

| | | | |
|---|---|---|---|
| MILES 2157  RATE: FC | | SUBTOTAL: | $2,475 |
| S/O FEE: 25 | | | |
| FUEL SURCHARGE: 650 | | X FEES TOTAL: | $675 |
| LUMPER FEE: 0 | | | |
| OTHER: 0 | | TOTAL TRUCK PAY: | $3,150 |

## DRIVER MUST CALL FOR DISPATCH

AMERICAN HIGHWAY, INC
888 CENTRAL AVENUE
WOOD DALE, IL 60191

SIGNATURE: _(signed)_

DRIVER NAME: TOM           TRAILER#: ____
TRK # 926

EXHIBIT A

STRAIGHT BILL OF   SHORT FORM - Original - Not Negotiable

RECEIVED, subject to the classifications and tariffs in effect on the date of lease if this Original Bill of Lading

**NACCO Materials Handling Group, Inc.  2200 Menlaus Pike
Berea, KY 40403**

SHIPPER'S # **92386061**

The property described below, in apparent good order, except as noted(contents and conditions of contents of packages unknown), marked, consigned, and destined as indicated below, which said carrier (the word carrier being understood throughout this contract as meaning any person or corporation in possession of the property under the contract) agrees to its usual place of delivery at said destination, if on route, otherwise to deliver to another carrier on the route to said destination.

It is mutually agreed, as to each carrier of all or any of said property over all or any portion of said route to destination, and as to each party at any time interested in all or any of said property, that every service to be performed hereunder shall be subject to all the terms and conditions of the Uniform Domestic Straight Bill of Lading set forth (1) in Uniform Freight Classification in effect on the date hereof, if this is a rail or a rail-water shipment, or (2) in the applicable motor carrier classification or tariff if this is a motor carrier shipment. Shipper hereby certifies that he is familiar with all the terms and conditions of said bill of lading, including those on the back thereof, set forth in the classification or tariff which governs the transportation of this shipment, and the said terms and conditions are hereby agreed to by the shipper and accepted for himself and his assigns.

| CONSIGNEE | YALE CHASE MATERIALS HANDLING | CARRIER | HDSO | TRL#: |
|---|---|---|---|---|
| ADDRESS: | 2615 PELLISSIER PLACE | PRO#: 23455344 | | DATE: 8/22/2006 |
| | | ☐ PREPAID  ☐ COLLECT  ☐ THIRD PARTY BILLING ADDRESS: | | |
| CITY, STATE: | LA PUENTE, CA | TNT Logistics | | |
| ZIP: | 91749 | ATTN: 1308 - Managed Transportation | | |
| PHONE: | 562-463-8000 | P.O. Box 45033 | | |
| | | Jacksonville, FL 32232 | | |

| NO. UNITS | HM | DESCRIPTION OF ARTICLES | HAZARD CLASS | UN ID NUMBER | PACKING GROUP | WEIGHT |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| 3 | | Engines, Internal Combustion | 9 | 3166 | | 23125 |

| WORK UNIT # | ORDER # | SERIAL # | LOC UNIT # | MODEL # | WEIGHT | CUST PO # | LP TANK |
|---|---|---|---|---|---|---|---|
| 848461 | 462010 | C809V02532D | 7Z01 | GC030VX | 6745 | 01NS05254 | |
| 864390 | 465495 | A910V07371D | 3F20 | GC050VX | 9155 | B7139 | |
| 864551 | 464910 | C809V02637D | 4H13 | GC040SVX | 7525 | 01NS06881 | |

*If the shipment moves between two ports by a carrier by water the law requires that the bill of lading shall state whether it is carrier's or shipper's weight. NOTE-Where the rate is dependent on value shippers are required to state specifically in writing the agreed or declared value of the property.

The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding _____ per _____

The fibre boxes used for this shipment conform to the specifications set forth in the box maker's certificate thereon and all other requirements of the Uniform Freight Classification. Shipper's imprint in lieu of stamp, not a part of Bill of Lading approved by the Interstate Commerce Commission.

This is to certify that the above named materials are properly classified, described, packaged, marked, and labels, are in proper condition for transportation according to the applicable regulations of the Department of Transportation.

Subject to Section 7 of conditions of applicable bill of lading, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following:

The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.

(Signature of Consignor)

**EMERGENCY RESPONSE TELEPHONE NUMBER:
1-800-633-8253**

Received $ _____ to apply in prepayment of the charges on the property described herein.

Agent/Cashier: _____

Driver Signature: _[signature]_

Date / Time: _____

Drivers Name _____

Carrier _[signature]_

AMSBL-10/98

EXHIBIT
B

**STRAIGHT BILL OF SHORT FORM - Original - Not Negotiable**

RECEIVED, subject to the classifications and tariffs in effect on the date of issue if this Original Bill of Lading

**NACCO Materials Handling Group, Inc.  2200 Menlaus Pike
Berea, KY 40403**

SHIPPER'S #  **92386060**

The property described below, in apparent good order, except as noted (contents and conditions of contents of packages unknown), marked, consigned, and destined as indicated below, which said carrier (the word carrier being understood throughout this contract as meaning any person or corporation in possession of the property under the contract) agrees to its usual place of delivery at said destination, if on route, otherwise to deliver to another carrier on the route to said destination.

It is mutually agreed, as to each carrier of all or any of said property over all or any portion of said route to destination, and as to each party at any time interested in all or any of said property, that every service to be performed hereunder shall be subject to all the terms and conditions of the Uniform Domestic Straight Bill of Lading set forth (1) in Uniform Freight Classification in effect on the date hereof, if this is a rail or a rail-water shipment, or (2) in the applicable motor carrier classification or tariff if this is a motor carrier shipment. Shipper hereby certifies that he is familiar with all the terms and conditions of said bill of lading, including those on the back thereof, set forth in the classification or tariff which governs the transportation of this shipment, and the said terms and conditions are hereby agreed to by the shipper and accepted for himself and his assigns.

| CONSIGNEE | JOHNSON LIFT | | CARRIER | HDSO | TRL#: |
|---|---|---|---|---|---|
| ADDRESS: | 2600 PECK RD | | PRO#: 23455344 | | DATE: 8/22/2006 |
| | | | ☐ PREPAID  ☐ COLLECT  ☐ THIRD PARTY BILLING ADDRESS: | | |
| CITY, STATE: | LA PUENTE, CA | | TNT Logistics | | |
| ZIP: | 91749 | | ATTN: 1306 - Managed Transportation | | |
| PHONE: | 562-692-9311 | | P.O. Box 45033 | | |
| | | | Jacksonville, FL 32232 | | |

| NO. UNITS | HM | DESCRIPTION OF ARTICLES | HAZARD CLASS | UN ID NUMBER | PACKING GROUP | WEIGHT |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| 1 | | Engines, Internal Combustion | 9 | 3166 | | 16000 |

| WORK UNIT # | ORDER # | SERIAL # | LOC UNIT # | MODEL # | WEIGHT | CUST PO # | LP TANK |
|---|---|---|---|---|---|---|---|
| 861506 | 084929 | L005V08906D | 5K01 | H90XMS | 16000 | 4100717501 | |

If the shipment moves between two ports by a carrier by water the law requires that the bill of lading shall state whether it is carrier's or shipper's weight. NOTE-Where the rate is dependent on value shippers are required to state specifically in writing the agreed or declared value of the property.

The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding _____ per _____

The fibre boxes used for this shipment conform to the specifications set forth in the box maker's certificate thereon and all other requirements of the Uniform Freight Classification. Shipper's imprint in lieu of stamp, not a part of Bill of Lading approved by the Interstate Commerce Commission.

This is to certify that the above named materials are properly classified, described, packaged, marked, and labels, are in proper condition for transportation according to the applicable regulations of the Department of Transportation.

Subject to Section 7 of conditions of applicable bill of lading, if the shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following:

The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.

(Signature of Consignor)

**EMERGENCY RESPONSE TELEPHONE NUMBER:
1-800-633-8253**

Received $ _____ to apply in prepayment of the charges on the property described herein.

Agent/Cashier: _____

Driver Signature: _____

Date / Time: _____

Drivers Name _____

Carrier _____

AMSBL-10/98

## STRAIGHT BILL OF LADING  SHORT FORM - Original - Not Negotiable

RECEIVED, subject to the classifications and tariffs in effect on the date of lease if this Original Bill of Lading

**NACCO Materials Handling Group, Inc.  2200 Menlaus Pike
Berea, KY 40403**

SHIPPER'S # 23455344

The property described below, in apparent good order, except as noted(contents and conditions of contents of packages unknown), marked, consigned, and destined as indicated below, which said carrier (the word carrier being understood throughout this contract as meaning any person or corporation in possession of the property under the contract) agrees to its usual place of delivery at said destination, if on route, otherwise to deliver to another carrier on the route to said destination.

It is mutually agreed, as to each carrier of all or any of said property over all or any portion of said route to destination, and as to each party at any time interested in all or any of said property, that every service to be performed hereunder shall be subject to all the terms and conditions of the Uniform Domestic Straight Bill of Lading set forth (1) in Uniform Freight Classification in effect on the date hereof, if this is a rail or a rail-water shipment, or (2) in the applicable motor carrier classification or tariff if this is a motor carrier shipment. Shipper hereby certifies that he is familiar with all the terms and conditions of said bill of lading, including those on the back thereof, set forth in the classification or tariff which governs the transportation of this shipment, and the said terms and conditions are hereby agreed to by the shipper and accepted for himself and his assigns

| CONSIGNEE | YALE CHASE MATERIALS HANDLING | CARRIER | HDSO | TRL#: |
|---|---|---|---|---|
| ADDRESS: | 2615 PELLISSIER PLACE | PRO#: 23455344 | | DATE: 8/22/2006 |
| CITY, STATE: | LA PUENTE, CA | ☐ PREPAID  ☐ COLLECT  ☐ THIRD PARTY BILLING ADDRESS: | | |
| ZIP: | 91749 | TNT Logistics | | |
| PHONE: | 562-463-8000 | ATTN: 1308 - Managed Transportation | | |
| | | P.O. Box 45033 | | |
| | | Jacksonville, FL 32232 | | |

| NO. UNITS | HM | DESCRIPTION OF ARTICLES | HAZARD CLASS | UN ID NUMBER | PACKING GROUP | WEIGHT |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| 4 | | Engines, Internal Combustion | 9 | 3166 | | 39425 |

This master bill of lading covers the delivery bills of lading listed below:

| STOP # | DELIVERY BILL # | NAME | ADDRESS | CITY, STATE, ZIP CODE | TOTAL WEIGHT | TOTAL PIECES |
|---|---|---|---|---|---|---|
| 3 | 92386061 | YALE CHASE | 2615 PELLISSIER PLACE | LA PUENTE, | 23425 | 3 |
| 2 | 92386060 | JOHNSON LIFT | 2600 PECK RD | LA PUENTE, | 16000 | 1 |

*If the shipment moves between two ports by a carrier by water the law requires that the bill of lading shall state whether it is carrier's or shipper's weight. NOTE-Where the rate is dependent on value shippers are required to state specifically in writing the agreed or declared value of the property.

The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding

$_____ per _____

The fibre boxes used for this shipment conform to the specifications set forth in the box maker's certificate thereon and all other requirements of the Uniform Freight Classification. Shipper's imprint in lieu of stamp, not a part of Bill of Lading Approved by the Interstate Commerce Commission

This is to certify that the above named materials are properly classified, described, packaged, marked, and labels, are in proper condition for transportation according to the applicable regulations of the Department of Transportation.

Subject to Section 7 of conditions of applicable bill of lading, if the shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following

The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.

(Signature of Consignor)

**EMERGENCY RESPONSE TELEPHONE NUMBER:
1-800-533-5253**

Received $_____ to apply in prepayment of the charges on the property described herein.

Agent/Cashier:

Driver Signature:

Date / Time:

Drivers Name

Carrier

AMSBL-10/98